LEWISOHN et al. v. NATIONAL STEAMSHIP CO.

(District Court, E. D. New York. June 20, 1893.)

SHIPPING—BILL OF LADING — STIPULATION AS TO NEGLIGENCE — LAW OF THE FLAG.

Stipulations held void because against the public policy of the United States are not made valid by the stipulation of the parties; hence, where libelant's goods were damaged by negligent stowage in a vessel, the carrier was *held* liable, although the ship was English, the bill of lading contained the stipulation, valid in England, exempting the carrier from the consequences of his negligence, and also provided that, in accepting it, the shipper expressly agreed that the contract should be governed by the law of the flag.

In Admiralty. Libel by Raphael Lewisohn and another against the National Steamship Company to recover for damage to cargo. Decree for libelant.

George A. Black, for libelant.
John Chetwood, for claimants.

BENEDICT, District Judge. This is an action upon a bill of lading to recover for injuries to certain bales of hair shipped in London on board the steamship Spain, and transported therein to the port of New York. The evidence warrants the conclusion that the hair was damaged on the voyage of importation by the gas and odor from barrels of ale over which the hair was stowed on board the ship. The liability of the claimants for this damage seems clear, unless they are exempted by the provision of the bill of lading. These bales were originally intended to be transported in the steamship Greece, owned by the claimants, but were left over from that vessel for the Spain. As seems to be admitted by both sides, the bill of lading given for the Greece was deemed to be the bill of lading for the Spain, in which ship the goods were actually transported.

The bill of lading exempts the ship from liability for damage by stowage or contact with or smell or evaporation from other goods, and provides, in terms, for exemption from liability for damage, loss, or injury arising from such causes, whether caused by the negligence, default, or error in judgment of the pilot, master, mariners, engineers, stevedores, lightermen, or their servants, or any persons in the service of or employed by the shipowner. The bill of lading also contains this clause:

"In accepting this bill of lading, the shipper, or other agent of the owner of the property carried, expressly agrees that this contract shall be governed

---

[1] Reported by E. G. Benedict, Esq., of the New York bar.

by the law of the flag of the ship carrying the goods after delivery to the ship."

By the law of England, such provision in a bill of lading relieves the shipowner from the liability sued for, and the question is whether or not such provision can be enforced in the courts of the United States.

It has been established by the supreme court of the United States that a provision which exempts the carrier from damage caused by negligence is void, and will not be enforced, because contrary to public policy; and my opinion is that the principle laid down by the supreme court in Oscanyan v. Arms Co., 103 U. S. 261, requires this court to decline to enforce such a provision in this bill of lading, notwithstanding the bill of lading was lawful by the law of the place where the goods were shipped. Stipulations held void because against the public policy of the United States are not made valid by the stipulations of the parties. The case of The Trinacria, 42 Fed. Rep. 863, relied upon by the claimants, does not cover the present case.

The libelant must have a decree, with an order of reference to ascertain the damages.